```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


JAMES T. BURKE,                     :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    Case No. 1:14-cv-228
                                    :
HELEN M. TOOR, Individual           :
Capacity,                           :
                                    :
          Defendant.                :
```

### OPINION AND ORDER
### (Doc. 1)

*Pro se* plaintiff James T. Burke moves to proceed *in forma pauperis* against The Honorable Helen M. Toor, Vermont Superior Court Judge, in her individual capacity. (Doc. 1-2.)  Mr. Burke brings his proposed Complaint under 28 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights arising from several state court matters over which Judge Toor allegedly presided.  (Doc. 1-2 at 3.)  Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed *in forma pauperis* is GRANTED.  However, for the reasons set forth below, this case is DISMISSED.

### Discussion

Mr. Burke is currently serving a sentence for a state criminal conviction.  He alleges Judge Toor improperly failed to recuse herself from Mr. Burke's pending state post-conviction relief ("PCR") matter (Docket No. 214-2-13 Cncv) after she

presided over certain pre-trial matters in his underlying criminal case.  (Doc. 2 at 7-10.) Mr. Burke alleges Judge Toor's decision denying his motion to disqualify the Assistant Attorney General representing the State of Vermont in the state PCR matter "clearly amounted to an [unlawful] cover[-]up of the State[']s corruption[.]" (Id. at 8.)  He further alleges Judge Toor issued other rulings generally evidencing judicial bias and "employing cover-up legal analysis[.]" (Id. at 9.)  Mr. Burke seeks compensatory and punitive damages and enforcement of his Fourteenth Amendment rights.  (Id. at 11.)[1]

    *Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  A district court may dismiss a case, however, if it determines the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Nothing in the proposed Complaint suggests that Mr. Burke seeks federal habeas relief under 28 U.S.C. § 2254.  Furthermore, this Court has already denied a § 2254 petition brought by Mr. Burke. Burke v. Pallito, No. 2:12-cv-197, 2013 WL 496150, slip op. at *1 (Jan. 13, 2013).  A second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals.  28 U.S.C. § 2244(b)(3)(A).

Judge Toor is entitled to absolute immunity for actions relating to the exercise of her judicial functions.  See Mireles v. Waco, 502 U.S. 9, 11 (1991).  Judicial immunity exists because of the public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" Huminski v. Corsonnes, 396 F.3d 53, 74 (2d Cir. 2005) (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)).  Judicial immunity applies even where the judge is accused of acting maliciously or corruptly.  Imbler v. Pachtman, 424 U.S. 409, 419 n.12 (1976) (citing Pierson, 386 U.S. at 553-54).  Indeed, absolute immunity applies "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Judicial immunity "is overcome only in two sets of circumstances.  First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 12.  Although Mr. Burke names Judge Toor in her individual capacity, none of his allegations concern nonjudicial actions.  Instead, Mr. Burke challenges rulings Judge Toor made while acting in her judicial capacity.

Likewise, assuming the truth of Mr. Burke's allegations, Judge Toor did not act in the complete absence of all jurisdiction.  Mr. Burke does not allege Judge Toor lacked authority to preside over his PCR or criminal matters in general, but rather that she should have recused herself from the pending PCR case because of pre-trial rulings she issued in the underlying criminal case.

In support of this claim, Mr. Burke cites 13 V.S.A. § 7131, which provides that "the superior or district judge who presided when the original sentence was imposed shall not hear the [post-conviction relief] application."  13 V.S.A. § 7131.  However, Mr. Burke does not allege that Judge Toor presided over his sentencing or even the criminal trial itself.  See also Burke v. Pallito, No. 2:12-cv-197, 2013 WL 496150, slip op. at *1 (Jan. 13, 2013) (noting that Judge Matthew Katz presided over Burke's criminal trial).  The Vermont Supreme Court has held where a trial judge presides over pre-trial criminal matters, § 7131 does not require recusal from subsequent PCR matters brought by that defendant.  In re Barrows, 917 A.2d 490, 497, 181 Vt. 283, 291, (Vt. 2007).  Therefore, because Mr. Burke neither bases his claims on nonjudicial conduct, nor alleges judicial conduct in the absence of jurisdiction, Judge Toor is entitled to absolute judicial immunity.

Furthermore, to the extent Mr. Burke seeks to have this Court intervene in the pending state PCR matter, the doctrine of abstention articulated in Younger v. Harris, 401 U.S. 37 (1971), prevents this Court from doing so.  See also Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975) (extending abstention doctrine to state civil proceedings); Burke v. Hardin, No. 1:09-CV-114, 2010 WL 1417830, slip op. at *1 (D. Vt. Apr. 6, 2010) (dismissing federal habeas claim on Younger abstention grounds where criminal case still pending); Burke v. Donovan, No. 1:08-CV-263, 2009 WL 5214325, slip op. at *2 (D. Vt. Dec. 29, 2009) (citing Younger abstention doctrine and recommending dismissal where Mr. Burke sought order compelling state prosecutor to produce deposition transcript in a pending criminal case).

Accordingly, because Judge Toor is absolutely immune from the relief sought by Mr. Burke, and Mr. Burke has otherwise failed to state a claim on which relief can be granted, this case is DISMISSED.

District courts generally should not dismiss a *pro se* complaint without granting leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  However, the Court finds that granting leave to amend the proposed Complaint would be futile due to the multiple bases for dismissal that exist. See id. ("The problem with [plaintiff's] causes of action is

5

substantive; better pleading will not cure it.  Repleading would thus be futile.")

## CONCLUSION

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B), Mr. Burke's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED.

The Court certifies that any appeal from this Order would not be taken in good faith because Mr. Burke's pleading lacks any arguable basis in law or fact, and permission to pursue an appeal of this Opinion and Order in forma pauperis is DENIED.  See 28 U.S.C. § 1915(a)(3); see also Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th of November, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge